**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Dr. Pankaj Merchia,**

Plaintiff,

v.

**United States of America,**

Defendant.

Case No. _____

Case: 1:25–cv–02847 JURY DEMAND
Assigned To : Lamberth, Royce C.
Assign. Date : 8/25/2025
Description: Pro Se Gen. Civ. (F–DECK)

**COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES**

(28 U.S.C. § 1346(a)(1); 26 U.S.C. §§ 6402, 6611, 7422)

Plaintiff Dr. Pankaj Merchia ("Plaintiff" or "Dr. Merchia") alleges:

**I. NATURE OF THE ACTION**

1. This is a civil action for the recovery of federal income tax refunds (and statutory interest) that the Internal Revenue Service ("IRS") has failed to issue for tax years 2015 through 2024 despite Plaintiff's timely filed claims for refund, as reflected on filed returns showing overpayments for each year. See **Exhibit A (Returns/Claims for Refund, TY 2015–2023)** (specific overpayment amounts cited below from Exhibit A).

2. The IRS paid Dr. S. Pendse's 2019–2022 refunds **with interest** after holding her returns for over a year and investigating fraud, but it has not issued Dr. Merchia's parallel refunds, even for years with the same factual underpinnings. See **Exhibits 381-385** (Pendse 2019–2022 refunds and IRS processing timeline).

**II. JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1346(a)(1). Plaintiff has duly filed claims for refund for each year at issue; for tax years 2015–2022, more than six months have elapsed without payment, satisfying 26 U.S.C. § 6532(a)(1). For tax



RECEIVED
AUG 25 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

years 2023–2024, Plaintiff filed his claims and, to the extent any are deemed not yet ripe, he pleads them protectively and seeks leave to amend or sever if necessary.

4. Venue is proper in this District under 28 U.S.C. § 1402(a)(1) because Plaintiff resides in the District of Columbia.

### III. PARTIES

5. Plaintiff is a physician, engineer, and entrepreneur who presently resides in Washington, D.C.

6. Defendant is the United States of America.

### IV. ADMINISTRATIVE EXHAUSTION AND TIMELINE

7. On or about **April 15, 2019**, while residing in Maryland, Plaintiff **prepared and signed** income tax returns for TY **2015–2018**; the returns were **mailed** on or about **June 20, 2020**.

8. On or about **April 12, 2023**, while residing in Maryland, Plaintiff **prepared, signed, and mailed** income tax returns for **2019–2022**.

9. On or about **June 30, 2025**, while residing in Washington, D.C., Plaintiff **prepared, signed, and mailed** returns for **2023–2024**.

10. Each return showed an **overpayment** and requested a **refund** (amounts below), thereby constituting a claim under 26 U.S.C. § 6402 and 26 C.F.R. § 301.6402-3. For each of **2015–2022**, more than six months have passed without the IRS issuing the refunds, so Plaintiff may sue for recovery pursuant to 26 U.S.C. § 7422(a) and 26 U.S.C. § 6532(a)(1).

### V. BACKGROUND FACTS (COMMON TO ALL COUNTS)

11. On April 25, 2016, the U.S. Tax Court docketed **Merchia v. Commissioner, No. 9661-16**, concerning the IRS's denial of long-term capital-gain treatment for installment payments arising from the **2008 sale of SleepHeart LLC to SleepHeart of Virginia, LLC ("SHV") for $30,000,000**.

12. On **November 15, 2017**, **USTC 9661-16** was resolved by an **IRS-drafted settlement agreement** and judgment reflecting, inter alia, the parties' resolution of the 2008 sale and related items.

13. On December 11, 2017, the U.S. Tax Court docketed **Pendse v. Commissioner, No. 25665-17**, concerning the IRS's denial of Dr. Pendse's SHV-related deductions.

14. On **September 3, 2019**, after alleging "no sale occurred," the IRS **conceded** in **USTC 25665-17** that **Dr. Pendse owned SHV** and was entitled to **amortization deductions of $2,000,000 per year** attributable to SHV's 2008 purchase of SleepHeart LLC from Dr. Merchia for **$30,000,000**; judgment entered accordingly.

15. On **September 30, 2021**, the U.S. District Court for the District of Massachusetts (**1:18-cv-10424-PBS**) entered judgment addressing a **2012 reaffirmation by SHV** to pay $15,000,000 of the $30,000,000 price; the Court treated that reaffirmation as an additional payment because it lacked a specific payment date, relying on the 2008 agreement's "when able" term.

16. On **February 2, 2023**, DOJ filed a **superseding indictment** in **1:22-cr-10355-NMG** alleging, inter alia, that Dr. Merchia owned SHV and that the 2008 sale was fabricated—positions contrary to the Tax Court settlements and judgments.

17. From **March 2020** onward, Plaintiff and his family were adversely affected by the **COVID-19 pandemic**.

18. In **May 2024**, the IRS issued **Dr. Pendse's refunds for 2019 and 2020** and later refunds for **2021–2022**, **paying interest** for late processing after holding her returns **over a year** and investigating potential fraud.

## VI. EXHIBIT A — YEAR-BY-YEAR OVERPAYMENTS/REFUNDS CLAIMED

19. Plaintiff's returns claim the following **overpayments** (refunds) for each year (all from **Exhibit A**):

- **2015** – **$5,758** "Amount you overpaid."
- **2016** – **$5,785** "Amount you overpaid."
- **2017** – **$5,834** "Amount you overpaid."
- **2018** – **$6,022** "Amount you overpaid."
- **2019** – **$6,148** "Amount you overpaid."
- **2020** – **$11,542** "Amount you overpaid."
- **2021** – **$18,785** "Amount you overpaid."
- **2022** – **$6,526** "Amount you overpaid."
- **2023** – **$7,021** "Amount you overpaid."
- **2024** – **$6,683** "Amount you overpaid."

20. For **2015–2022**, the **overpayment total is $66,400**; for **2015–2024**, the **aggregate total is $80,104** (exclusive of interest). See sources above.

21. Under 26 U.S.C. § 6611(e), the IRS must pay overpayment **interest** when a refund is not issued within **45 days** after the later of the return's due date or the claim's filing

date. The IRS paid such interest to Dr. Pendse for her 2019–2020 refunds, demonstrating the applicable statutory practice.

## VII. CLAIMS FOR RELIEF

**COUNT I – Refund of Overpayments for Tax Years 2015–2022 (Matured Claims)**

(26 U.S.C. §§ 6402, 6611, 7422; 28 U.S.C. § 1346(a)(1))

22. Plaintiff realleges ¶¶1–21.

23. For tax years **2015–2022**, Plaintiff filed valid claims for refund as set forth above. The IRS has failed to issue refunds and statutory interest for these years.

24. Plaintiff is entitled to judgment for the **$66,400** in refunds for TY 2015–2022, **plus interest** under 26 U.S.C. § 6611 from the applicable dates until paid.

**COUNT II – Refund of Overpayments for Tax Years 2023–2024**

(Protective/Alternative Pleading)

25. Plaintiff realleges ¶¶1–21.

26. Plaintiff filed valid claims for refund for **2023** and **2024** showing overpayments of **$7,021** and **$6,683**, respectively.

27. To the extent any administrative waiting period has not elapsed as of filing, Plaintiff **pleads protectively** and requests (i) that these claims be deemed ripe by the time of adjudication; or (ii) leave to amend/sever after six months from filing; or (iii) entry of judgment once the claims are ripe.

28. Plaintiff is entitled to the **2023–2024** refunds and statutory interest under 26 U.S.C. § 6611 upon ripeness.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and against the United States, awarding:

A. **Refunds** for TY **2015–2022** in the total principal amount of **$66,400**, and for TY **2023–2024** in the principal amounts of **$7,021** and **$6,683**, respectively, subject to computational adjustments and lawful setoffs;

B. **Overpayment interest** under 26 U.S.C. § 6611 on each year's overpayment from the dates prescribed by statute to the date of payment;

C. **Costs and fees** as permitted by 26 U.S.C. § 7430 and any other applicable law;

D. Such other and further relief as the Court deems just and proper.

### IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury. See 28 U.S.C. § 2402 (refund suits).

Washington, D.C.

Respectfully submitted,

*P. Merch*

/s/ Dr. Pankaj Merchia (Pro Se)
pMerchiaLegal@gmail.com